

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NS:KCB/EJD/DEL
F. #2018R01984

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 14, 2022

<u>By E-mail and ECF</u>

The Honorable Raymond J. Dearie
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:     United States v. Alfred Lopez and Bushawn Shelton
>          <u>Criminal Docket No. 18-609 (S-3) (RJD)</u>

Dear Judge Dearie:

The government respectfully submits this letter to notify the Court regarding a potential conflict involving Samuel Gregory, Esq. ("defense counsel"), who the Court appointed on December 28, 2021 to represent defendant Alfred Lopez.  Specifically, defense counsel previously met with Lopez's co-defendant Bushawn Shelton on two occasions following Shelton's arrest at the Metropolitan Detention Center ("MDC") to ascertain whether Shelton wanted to retain him, which Shelton ultimately chose not to do.  The government advises the Court of this information pursuant to its obligation under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to <u>United States v. Curcio</u>, 680 F.2d 881, 888-90 (2d Cir. 1982).  <u>See, e.g.</u>, <u>United States v. Stantini</u>, 85 F.3d 9, 13 (2d Cir. 1996); <u>United States v. Malpiedi</u>, 62 F.3d 465, 467 (2d Cir. 1995).  The government requests that the Court schedule a date within the next two weeks where both Shelton and Lopez can be present so that the Court may conduct the proper inquiry.

I.      <u>Applicable Law</u>

The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel.  <u>See</u> <u>Wood v. Georgia</u>, 450 U.S. 261, 271 (1981); <u>United States v. Perez</u>, 325 F.3d 115, 124 (2d Cir. 2003).  That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing.  <u>See</u> <u>United States v. Jones</u>, 381 F.3d 114, 119 (2d Cir. 2004); <u>United States v. Locascio</u>, 6 F.3d 924, 931 (2d Cir. 1993).  While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict."  <u>Jones</u>, 381 F.3d at 119 (citing <u>Locascio</u>, 6 F.3d at 931); <u>see also</u> <u>Wheat v. United States</u>, 486 U.S. 153, 164 (1988).

To determine if the defendant's counsel is burdened by a conflict of interest, a district court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted).

A.     Mandatory Disqualification

If an attorney suffers from an actual or potential conflict of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation, the court must disqualify that attorney. See United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995). Such per se conflicts of interest are not only unwaivable, but are of such a serious nature that if allowed to persist through trial and conviction, on appeal they result in automatic reversal without requiring a showing of prejudice. United States v. Williams, 372 F.3d 96, 103 (2d Cir. 2004). As described more fully below, the Second Circuit has recognized only two categories of conflicts that are unwaivable: where "counsel" is not admitted to the bar of any court and where counsel is implicated in the defendant's crimes.

B.     Discretionary Disqualification

Regardless of the severity of the conflict or the defendant's willingness to waive the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right of the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163).

C.     Conflicts That May Be Waived

If a conflict is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the Court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). See, e.g., Malpiedi, 62 F.3d at 470; Levy, 25 F.3d at 153; United States v. Iorizzo, 786 F.2d 52, 58-59 (2d Cir. 1986). In summarizing Curcio procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those

2

risks and freely chooses to run them; and (iii) give the defendant
time to digest and contemplate the risks after encouraging him or
her to seek advice from independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90.  By relying on waivers of potential
conflict claims, courts are spared from having to wade into the intricacies of those claims.
United States v. Jiang, 140 F.3d 124, 128 (2d Cir. 1998).

Finally, the need for a Curcio hearing exists regardless of whether a case is
disposed of by way of guilty plea or trial.  "A claim that counsel is conflicted is in essence a
claim of ineffective assistance of counsel."  Stantini, 85 F.3d at 15.  Likewise, "[e]ffective
assistance of counsel includes counsel's informed opinion as to what pleas should be entered."
Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996).  Therefore, it necessarily follows that a
defendant has a right to conflict-free representation during the plea negotiation stage.  See id.
("[P]rior to trial an accused is entitled to rely upon his counsel to make an independent
examination of the facts, circumstances, pleadings and laws involved and then to offer his
informed opinion as to what plea should be entered.") (quoting Von Moltke v. Gillies, 332 U.S.
708, 721 (1948) (emphasis added)); see also Stantini, 85 F.3d at 16-17 (suggesting that
ineffective assistance of counsel may be shown if attorney's dual representation led to
inadequate advice "with respect to the advantages or disadvantages of a plea").

II.    Analysis

On December 28, 2021, Mr. Gregory filed a letter informing the Court that he
twice met with co-defendant Shelton after Shelton's arrest so that Shelton could determine
whether or not he wanted to hire Mr. Gregory as his attorney.  See ECF Dkt. No. 286.  As
detailed in that letter, Shelton did not retain Mr. Gregory, who represented that he "does not
remember much" about their conversations.  See id.

An attorney's prior prospective representation of a co-conspirator presents an
inherent conflict of interest.  The attorney-client privilege applies to preliminary discussions
about representation between a lawyer and prospective client, even where the lawyer ultimately
declines to provide representation or the client decides not to employ the lawyer.  Lonegan v.
Hasty, 436 F. Supp. 2d 419, 434 n. 8 (E.D.N.Y. 2006); see also United States v. Dennis, 843
F.2d 652 (2d Cir. 1988) (initial statements made while a prospective client intended to employ an
attorney were privileged even though the employment was not accepted).  Although an
attorney's duties to a prospective client are different than those to an actual former client, an
attorney still generally "must . . . not subsequently use or disclose confidential information
learned in the consultation" with the prospective client.  See Restatement (Third) of the Law
Governing Lawyers § 15(1)(a); see also N.Y.R. Prof'l Conduct 1.18(b) ("Even when no client-
lawyer relationship ensues, a lawyer who has learned information from a prospective client shall
not use or reveal that information, except as Rule 1.9 would permit with respect to information
of a former client.").  Absent a waiver by both the prospective client and the current client, an
attorney "may not represent a client whose interests are materially adverse to those of a former
prospective client in the same or a substantially related matter when the lawyer . . . has received
from the prospective client confidential information that could be significantly harmful to the
prospective client in the matter."  See Restatement (Third) of the Law Governing Lawyers

3

§ 15(1); <u>see also</u> N.Y. R. Prof'l Conduct 1.18(c) ("A lawyer . . . shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except [if waived] as provided in paragraph (d).").

Thus, if Mr. Gregory learned information from defendant Shelton that could be significantly harmful to defendant Shelton, Mr. Gregory may represent defendant Lopez only if both defendants Shelton and Lopez consent to the representation, and even if they both consent, Mr. Gregory may not use or disclose information provided by defendant Shelton, even if that information would be beneficial to defendant Lopez, including in any potential cross-examination of Shelton should Shelton testify in his own defense.

Given the fact that Mr. Gregory and Shelton only met twice, the early stage at which these meetings occurred and the limited extent to which Mr. Gregory may have obtained, or even remembers, any confidential client information, the government respectfully submits that the conflict can be waived by Lopez and Shelton.  The government therefore respectfully requests that the Court conduct a <u>Curcio</u> inquiry of both defendants Shelton and Lopez to inquire whether they each wish to waive the conflict and, if so, to ensure that their waiver of the conflict is knowing and voluntary.  Further, even if they both consent to waive the conflict, Mr. Gregory may not use or disclose information provided by defendant Shelton, even if that information would be beneficial to defendant Lopez.

The government respectfully requests that the Court choose a date for both Shelton and Lopez to appear so that the Court can make the appropriate inquiry on the record. Specifically, the government requests that the Court ask Lopez on the record to affirm that he has discussed this issue with Mr. Gregory and has no objection to Mr. Gregory continuing to represent him in this case.  Further, the government respectfully requests that the Court ask Shelton on the record to affirm that he has discussed this issue with his current counsel and has no objection to Mr. Gregory, an attorney with whom Shelton discussed his case on two separate occasions but ultimately chose not to hire, representing his co-defendant, Lopez.

In the event the Court determines that the defendants can waive the potential conflict of interest, the government proposes that the Court advise the defendants as follows.

With respect to defendant Lopez:

> I am advised that your attorney has previously consulted with defendant Bushawn Shelton about the possibility of Mr. Shelton hiring Mr. Gregory to represent him.  Mr. Shelton did not hire Mr. Gregory to represent him.

> Generally speaking, you have the right to be represented by the attorney of your choice, and I have every reason to believe that Mr. Gregory is capable of adequately representing you.  You may continue to have Mr. Gregory represent you if you so desire, but there are some risks for you in proceeding with Mr. Gregory, and I

must ask you a series of questions to assure myself that you understand the risks and still want to proceed with Mr. Gregory.

As a result of having met with Mr. Shelton for the purposes of Mr. Shelton determining whether or not to hire Mr. Gregory, Mr. Gregory has certain ethical obligations to Mr. Shelton.  For example, Mr. Gregory may have privileged information from Mr. Shelton that could assist in your defense but that he could not disclose because of his ethical duties.  It also is possible that another attorney could take a certain position with respect to your involvement (or non-involvement) in the crime charged against you or your relationship with your coconspirators, whereas Mr. Gregory may be ethically barred from pursuing such a defense strategy due to contrary information he may have obtained from Mr. Shelton.  Should Mr. Shelton testify in his own defense, Mr. Gregory may also be limited in his ability to cross-examine Mr. Shelton as he may not use information provided to him by Mr. Shelton.

There may be other issues, in addition to the ones that I've just described, that can arise in which your attorney's ability to do certain things might be affected by the fact he consulted with Mr. Shelton in matters related to this case.  No one can foresee every possible conflict of interest.

Do you have any questions about what I have just explained to you?  Can you tell me in your own words what you understand the potential conflicts of interest to be?

You have the right to be represented by an attorney who does not have any possible conflicts of interest in representing you at all stages of this case, including any plea negotiations.  If you proceed with your attorney, you will be giving up that right.  Do you understand that?

Have you discussed these issues with your attorney?

You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you proceed with your attorney.  Do you understand that?

You are not under any pressure to make a decision about this right now.  You are entitled, if you wish, to a reasonable period of time to think about these matters, or to consult further with your lawyer or with another lawyer before you advise the Court what you wish to do.

With respect to defendant Shelton:

> Mr. Gregory has been appointed to represent defendant Alfred Lopez.  I am advised that you previously consulted with Mr. Gregory about the possibility of you hiring Mr. Gregory to represent you.  Mr. Gregory therefore has certain ethical obligations to you.  For example, Mr. Gregory may have privileged information from you that could assist in Mr. Lopez's defense but that he could not disclose because of his ethical duties to you.  It also is possible that another attorney could take a certain position with respect to Mr. Lopez's involvement (or non-involvement) in the crimes charged or his relationship with coconspirators, whereas Mr. Gregory may be ethically barred from pursuing such a defense strategy due to contrary information he may have obtained from you.

> There may be other issues, in addition to the ones that I've just described, that can arise in which Mr. Gregory's ability to do certain things might be affected by the fact he consulted with you in matters related to this case.  No one can foresee every possible conflict of interest.

> Do you have any questions about what I have just explained to you?  Can you tell me in your own words what you understand the potential conflicts of interest to be?

> Depending on the nature of the information that you disclosed to Mr. Gregory, you may have the right to object to Mr. Gregory's representation of Mr. Lopez.  If you consent to Mr. Gregory's representation of Mr. Lopez, you will be giving up that right.  Do you understand that?

> If Mr. Gregory has privileged information from you as a result of meeting with you, he is ethically barred from sharing that information, including during his representation of Mr. Lopez.  However, you are not required to accept Mr. Gregory's representation that he will not share any privileged information that he learned from you.  You may decide that, in light of what you have shared with Mr. Gregory during your meetings, you do not wish to waive Mr. Gregory's potential conflict of interest in representing Mr. Lopez.  Do you understand that?

> Have you discussed these issues with your attorney?

> You are not under any pressure to make a decision about this right now.  You are entitled, if you wish, to a reasonable period of time

to think about these matters, or to consult further with your lawyer before you advise the Court what you wish to do.

III.     Conclusion

        For the foregoing reasons, the Court should notify defendants Lopez and Shelton of the potential conflicts raised above and conduct an appropriate inquiry pursuant to Curcio. The Court should further advise Lopez regarding his right to conflict-free representation and determine if Lopez can waive those rights.

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney


                              By:        _____/s/_____
                                        Kayla C. Bensing
                                        Emily J. Dean
                                        Devon E. Lash
                                        Assistant U.S. Attorneys
                                        (718) 254-7000


cc:     Samuel Gregory, Esq.
        Bobbi Sternheim, Esq.
        Natali Todd, Esq.
        Susan Marcus, Esq.