

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAM:KCB/EJD/DEL/AMR
F. #2018R01984

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 31, 2022

By ECF

The Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Shelton, et al.
                 Criminal Docket No. 18-609 (HG)

Dear Judge Gonzalez:

      The government respectfully submits this letter in response to the Court's order requesting briefing regarding the presence of certain prospective witnesses in the courtroom during trial and those witnesses' rights under the Crime Victims' Rights Act ("CVRA"). See Aug. 29, 2022 Order. As the government orally informed the Court on August 29, 2022, two of the government's witnesses—the brother-in-law and sister-in-law of defendant Anthony Zottola— have informed the government that they wish to attend the criminal trial in this case.

      First, these witnesses are "victims" as defined in the CVRA. Specifically, the CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a federal offense." 18 U.S.C. § 3771(e)(2). "The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses," and "[t]he necessary inquiry is a fact-specific one." In re Rendon Galvis, 564 F.3d 170, 175 (2d Cir. 2009) (holding that murder victim's family member was not a "victim" as defined by the CVRA where the defendant was convicted of drug trafficking, not the murder, and the evidence in the case connecting the drug trafficking to the murder was too attenuated). The CVRA does not require that a victim have suffered physical harm for the person to be a "victim" as defined by the statute; rather, "when a defendant's commission of a crime results in emotional or pecuniary harm, the harmed person qualifies as a crime victim under the CVRA." See United States v. Maldonado-Passage, 4 F.4th 1097, 1102-03 (10th Cir. 2021). In Maldonado-Passage, a murder-for-hire case, the victim, after learning of plans to kill her, increased security precautions, including installing security cameras and hiring security. See id. at 1103. She also felt unsafe and changed her routines, all as a direct result of the murder-for-hire plot. See id. The district court determined that the murder-for-hire plot was "both the but-for and proximate cause of these emotional and pecuniary injuries." Id.

The same is true here. The government anticipates that testimony at trial will establish that the Zottola family was targeted in numerous attacks over the course of year. Although only Sylvester and Salvatore Zottola were physically injured as a result of these attacks—and the evidence at trial will establish that they were the intended victims—the defendant's sister and her husband, as well as Salvatore Zottola's wife, nonetheless suffered harm as the but-for and proximate cause of the murder-for-hire conspiracy. Cf. United States v. Solis-Vasquez, 10 F.4th 59 (1st Cir. 2021) (holding that shooting victim was entitled to restitution under a separate provision of the CVRA where harm to the victim was "reasonably foreseeable in the course of the conspiracy" even where the shooting was not "within the scope of the conspiracy" (internal quotation marks omitted)). For example, a number of the attacks in this case occurred at the witnesses' homes—including a brutal home invasion in which property belonging to defendant Zottola's brother-in-law was taken, ultimately leading him to move to a different residence because he and his family felt unsafe remaining in their home. Similarly, Salvatore Zottola was shot outside of his family's home; after the shooting, he and his wife moved residences and hired private security. The government anticipates that both witnesses will testify to emotional suffering caused by the numerous and sustained attacks against their families—including at their residences—over the course of a year.

Second, victims under the CVRA have the "right not to be excluded from [public court proceedings involving the crime], unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding." "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim" is afforded his or her rights. 18 U.S.C. § 3771(b)(1). The government has produced voluminous 3500 material for both witnesses. However, as indicated to the Court, the government has requested that these witnesses attend trial only after they are called as witnesses.

    Respectfully submitted,

    BREON PEACE
    United States Attorney

By:    /s/
    Kayla Bensing
    Emily Dean
    Devon Lash
    Andrew Roddin
    Assistant U.S. Attorneys
    (718) 254-6279/6120/6014/6455

cc:    Counsel of record (by ECF and email)